UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEE LAVELLE DANZY,

    Plaintiff,

v.                                                      Case No. 1:23-cv-17-MW-MJF

DEPARTMENT OF CHILDREN AND
FAMILY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pre-trial detainee at the Alachua County Jail, initiated this action on January 24, 2023, by filing a civil rights complaint and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. On January 25, 2023, this court granted Plaintiff's motion for leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $5.00, to be paid within thirty days. Doc. 5. The court warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id*. at 3.

To date, Plaintiff has not complied with the order dated January 25, 2023, and has not responded to the 14-day show cause order entered on March 13, 2023, Doc. 6.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for Plaintiff's failure to comply with orders of this court.[1]

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 11th day of April, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").